# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DORETHA MCDELL, | DOCKET NUMBER |
| Appellant, | DA-1221-14-0341-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: June 3, 2015 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Henry Mesa, El Paso, Texas, for the appellant.

John Lyslaught, Fort Bliss, Texas, for the appellant.

Betty Baxter, Esquire, and Therese M. Novell, Esquire, Warren, Michigan, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant, a Contract Procurement Analyst, filed an individual right of action (IRA) appeal claiming that she disclosed alleged contracting and procurement improprieties to the Office of the Inspector General (IG), agency attorneys, a member of Congress, and the Government Accountability Office (GAO).  Initial Appeal File (IAF), Tab 1.  She asserts that in retaliation for her disclosures, the agency issued her a lower performance rating than she deserved, failed to select her for promotion, excluded her from some staff meetings, and denied her training opportunities.  *Id*.

¶3     The administrative judge found that the appellant had exhausted her administrative procedures before the Office of Special Counsel (OSC) regarding some of her alleged protected disclosures and had made a nonfrivolous allegation that she made disclosures protected under 5 U.S.C. § 2302(b)(8).  IAF, Tab 15, Initial Decision (ID) at 5-6.  However, the administrative judge found that the appellant failed to make a nonfrivolous allegation that any official who took the personnel actions against her had knowledge of her disclosures.  ID at 6-8.  On that basis, he dismissed the appeal for lack of jurisdiction.

¶4     In her petition for review, the appellant asserts that the administrative judge failed to consider all of her submissions on the jurisdictional issue.  Petition for Review (PFR) File, Tab 1.  Generally, to establish jurisdiction over an IRA appeal regarding activity protected under 5 U.S.C. § 2302(b)(8), an appellant must prove that she exhausted her administrative remedies before OSC and make nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Yunus v. Department of*

*Veterans Affairs*, [242 F.3d 1367](#), 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, [92 M.S.P.R. 298](#), ¶ 12 (2002). The question of whether the appellant has made a nonfrivolous allegation of fact is determined based on the written record, without holding a hearing. *Boechler v. Department of the Interior*, [109 M.S.P.R. 638](#), ¶ 6 (2008).

¶5      We agree with the administrative judge that the appellant established through her written submissions she exhausted administrative procedures before OSC regarding her disclosures to the IG and agency attorneys. ID at 5-6. We also agree that the appellant made a nonfrivolous allegation that she had a reasonable belief that, in her complaint to the IG, which referenced her communications to agency attorneys, she disclosed that an employee at the agency was preselecting contractors or providing an unfair advantage to favored contractors, a protected disclosure under [5 U.S.C. § 2302](#)(b)(8). ID at 5-6.

¶6      However, we disagree with the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that her alleged protected disclosures were a contributing factor to the manager's decisions to give her a lowered performance rating, deny her a promotion, give her a reduced workload, and deny her training opportunities. To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Mason v. Department of Homeland Security*, [116 M.S.P.R. 135](#), ¶ 26 (2011). One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id*.

¶7     As noted, the administrative judge found that the appellant failed to make a nonfrivolous allegation that her supervisors had any knowledge of her whistleblowing disclosures.  ID at 7-8.  A careful reading of the appellant's submission, however, supports a different conclusion.  In her January 17, 2013 email to the IG, the appellant states "I communicated to my immediate (first) supervisor . . . that I have reported incidences to [agency] lawyers."  IAF, Tab 13. Read broadly, the appellant's statement indicates that she told her supervisor of the alleged incidents of an employee at the agency preselecting contractors or providing an unfair advantage to favored contractors, the allegations that the appellant made to the agency lawyers and incorporated into her IG complaint. Under these circumstances, we find that the appellant has satisfied the knowledge prong of the knowledge-timing test.  *See Kinsey v. Department of the Navy*, 107 M.S.P.R. 426, ¶ 18 (2007).  Further, because some or all of the personnel actions taken against the appellant occurred shortly after she made her disclosures, we find that she also satisfied the timing prong of the knowledge-timing test.  *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 23 (2013) (the issuance of an alleged retaliatory performance evaluation within 2 years of an alleged protected disclosure occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the lowered performance rating).

¶8     Therefore, we conclude that the appellant has made a nonfrivolous allegation of whistleblower reprisal in connection with some or all of the personnel actions that she identified, and we remand this appeal.[2]  On remand the administrative judge shall afford the appellant the hearing that she requested.  IAF, Tab 1;

---

[2] Because we find that the appellant has made a nonfrivolous allegation that her alleged protected disclosures were a contributing factor in the agency's decision concerning at least one of the personnel actions at issue, we find that she has met her jurisdictional burden.  On remand, the administrative judge shall make findings as to the merits regarding which personnel action(s) is/are properly before the Board upon further development of the record.

*Aquino v. Department of Homeland Security*, [121 M.S.P.R. 35](#), ¶ 9 (2014) (an appellant who meets her jurisdictional burden is entitled to a hearing on the merits in an IRA appeal).

¶9     With her petition for review, the appellant submits for the Board's consideration a number of documents and emails that she did not submit below. PFR File, Tab 1.   Under [5 C.F.R. § 1201.115](#), the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, [3 M.S.P.R. 211](#), 214 (1980).  All of the items that the appellant submits with her petition are dated prior to the issuance of the initial decision.  PFR File, Tab 1.  We have not considered the appellant's submissions on petition for review because she has failed to show that they were unavailable before the record was closed despite her due diligence. However, the appellant may submit these documents into the record on remand.

¶10    In her petition, the appellant also asserts that the administrative judge erred in denying her discovery.  PFR File, Tab 1.  The acknowledgment order notified the appellant of the availability of discovery.   IAF, Tab 2 at 3.   Apparently, the appellant submitted a copy of her discovery request to the administrative judge. IAF, Tab 10.   The administrative judge rejected the document, informing the appellant that, except as an attachment to a motion to compel, it is unnecessary to serve the Board with a discovery request.  *Id*.  The appellant has not shown that the administrative judge erred regarding discovery, especially given that there is no evidence that the agency did not respond to the appellant's discovery request and given the appellant's failure to file a motion to compel discovery. [3]  *See*

---

[3] The appellant alleges that the administrative judge was biased.  Her assertions appear to be mere disagreement with the administrative judge's findings.  Such disagreement does not demonstrate bias.  *See Wood v. Department of the Navy*, [43 M.S.P.R. 24](#), 30 (1989); *see also Oliver v. Department of Transportation*, [1 M.S.P.R. 382](#), 386 (1980) (in making a claim of bias or prejudice against an administrative judge, a party must

*Coleman v. Department of the Army*, <u>106 M.S.P.R. 436</u>, ¶ 8 (2007).  On remand, however, the appellant will have an additional opportunity to engage in discovery.

## **ORDER**

¶11      For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:        _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.

---

overcome the presumption of honesty and integrity that accompanies administrative adjudicators).